UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

EARNEST R. PHILLIPS, :

    Plaintiff, :

                                        CIVIL ACTION NO.

v. :

                                        1:06-CV-0935-MHS

R. JAMES NICHOLSON, :

    Defendant. :

### ORDER

This matter is before the Court on defendant's motion for summary judgment. For the reasons set forth below, the Court grants defendant's motion.

Background

Plaintiff proceeding pro se alleges that R. James Nicholson, Secretary, Department of Veterans Affairs, discriminated against him based on his age when he was not selected for the Veterans Service Representative position at the Veterans Administration Regional Office in Decatur, Georgia.

AO 72A
(Rev.8/82)

On March 18, 2004, the Veterans Administration posted a vacancy announcement for a Veterans Service Representative position.[1] There were ten open positions. On April 13, 2004, plaintiff was approximately sixty two years-old. He was placed on a list of eligible candidates along with sixty three other individuals. Bessie Green was the Acting Veterans Service Center Manager and the Selecting Official at the time the selection was made for the position. However, due to the volume of applications, two Coaches, Bryan Starke and Herbert Spencer, were responsible for reviewing the candidates' applications and conducting interviews. Green had final approval of the selectees, and she made her selections based on the recommendations of Coaches Starke and Spencer. After the Coaches reviewed the applications, Green met with the Coaches to decide which persons would be interviewed. They selected twenty-six individuals, including plaintiff, for interviews.

Coaches Starke and Spencer interviewed plaintiff. They gave two definitive reasons for not selecting plaintiff. First, plaintiff was not concise and clear, and

---

[1] The Court draws these facts from defendant's statement of material facts. Plaintiff failed to respond to defendant's statement of material facts in accordance with the local rules, and therefore, the Court will deem defendant's facts as admitted. See LR 56.1 B(2)(a)(2), ND Ga.

2

he gave long and rambling answers resulting in an interview twice as long as other candidates. The Coaches were looking for someone who could be focused and express himself clearly and concisely because this type of communication and decision-making was a daily requirement of the position.

Second, the Coaches were concerned with plaintiff's answer to question number seven in the interview. In question number seven, the Coaches asked plaintiff what he would do if his supervisor requested him to do something unethical. Plaintiff answered that he would do whatever his manager told him to do because he believed in the chain of command. In response to question number seven, all of the other candidates stated that they would question doing something unethical and first talk to their supervisor about it. Coach Spencer was particularly concerned with plaintiff's answer because recently there had been issues in the agency involving unethical employee behavior and Coach Spencer did not want these problems recurring in the future.

The Coaches used a scoring system from one to ten (ten being the highest) to rank the candidates' interviews and to help them keep the interviews straight

in their mind. Coach Spencer gave plaintiff a seven or eight and Coach Starke gave plaintiff an eight, while other candidates received higher scores.

Following the interviews, the Coaches recommended ten candidates to Supervisor Green, and the Coaches met with Supervisor Green to discuss their recommendations. The Coaches told Supervisor Green that all of the candidates that they recommended had impressive resumes and gave fine presentations during their interviews. The age of any individual did not come up during the selection process or the discussions Supervisor Green had with the Coaches. Supervisor Green concurred with the Coaches' recommendations.

Supervisor Green and the Coaches did not select plaintiff or fifteen other candidates for one of the ten vacant positions. On August 2, 2004, the Human Resources Department for the Veteran Affairs Department informed plaintiff in writing that he was not selected. The ten selected individuals ranged in ages from their twenties to their fifties.

On August 19, 2004, plaintiff filed an Equal Employment Opportunity ("EEO") complaint alleging that his non-selection was based on his age. On July

4

26, 2005, after an EEO hearing, an Administrative Judge of the EEOC concluded that no discrimination had occurred in connection with plaintiff's non-selection for the position of Veterans Representative. Plaintiff's appeal of the decision was unsuccessful.

On April 18, 2006, plaintiff filed a complaint in this Court alleging employment discrimination pursuant to Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §§ 2000e et seq. ("Title VII"), and the Age Discrimination in Employment Act, 29 U.S.C. §§ 621 et seq. Defendant has now moved for summary judgment.

## Summary Judgment Standard

Rule 56 of the Federal Rules of Civil Procedure "mandates the entry of summary judgment, after adequate time for discovery and upon motion, against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial. In such a situation, there can be no 'genuine issue as to any material fact,' since a complete failure of proof concerning an essential element of

the nonmoving party's case necessarily renders all other facts immaterial." Celotex Corp. v. Catrett, 477 U.S. 317, 322-23 (1986).

The movant bears the initial responsibility of asserting the basis for his motion. Celotex, 477 U.S. at 323; Apcoa, Inc. v. Fidelity National Bank, 906 F.2d 610, 611 (11th Cir. 1990). However, the movant is not required to negate his opponent's claim. The movant may discharge his burden by merely "'showing' -- that is, pointing out to the district court -- that there is an absence of evidence to support the non-moving party's case." Celotex, 477 U.S. at 325. After the movant has carried his burden, the non-moving party is then required to "go beyond the pleadings" and present competent evidence designating "specific facts showing that there is a genuine issue for trial." Id. at 324. While the court is to view all evidence and factual inferences in a light most favorable to the non-moving party, Samples v. City of Atlanta, 846 F.2d 1328, 1330 (11th Cir. 1988), "the mere existence of some alleged factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment; the requirement is that there be no genuine issue of material fact." Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 247-48 (1986) (emphasis in original).

A fact is material when it is identified by the controlling substantive law as an essential element of the non-moving party's case. Anderson, 477 U.S. at 248. An issue is genuine when the evidence is such that a reasonable jury could return a verdict for the nonmovant. Id. The nonmovant "must do more than simply show that there is some metaphysical doubt as to the material facts . . . . Where the record taken as a whole could not lead a rational trier of fact to find for the non-moving party, there is no 'genuine issue for trial.'" Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 586-87 (1986). An issue is not genuine if it is unsupported by evidence, or if it is created by evidence that is "merely colorable" or is "not significantly probative." Anderson, 477 U.S. at 249-50. Thus, to survive a motion for summary judgment, the non-moving party must come forward with specific evidence of every element material to that party's case so as to create a genuine issue for trial.

Discussion

Although plaintiff has brought his age discrimination claim in part pursuant to Title VII, discrimination on the basis of age is prohibited by the Age Discrimination in Employment Act ("ADEA"), not Title VII. 29 U.S.C. § 623. ADEA makes it unlawful for an employer "to fail or refuse to hire or to discharge

7

any individual or otherwise discriminate against any individual with respect to his compensation, terms, conditions, or privileges of employment, because of such individual's age." 29 U.S.C. § 623(a)(1). The plaintiff's age must have actually played a role in the employer's decision making process and had a determinative influence on the outcome. <u>Reeves v. Sanderson Plumbing Prod., Inc.</u>, 530 U.S. 133, 141 (2000).

Plaintiff has not produced any direct evidence of age discrimination. Therefore, the Court will evaluate plaintiff's ADEA claim based on circumstantial evidence under the framework of <u>McDonnell Douglas Corp. v. Green</u>, 411 U.S. 792, 93 S. Ct. 1817, 36 L. Ed.2d 668 (1973), and <u>Texas Dep't of Cmty. Affairs v. Burdine</u>, 450 U.S. 248, 101 S. Ct. 1089, 67 L. Ed.2d 207 (1981). <u>Chapman v. AI Transp.</u>, 229 F.3d 1012, 1024 (11th Cir. 2000); see <u>Reeves</u>, 530 U.S. at 142.

To make out a prima facie case for an ADEA violation, plaintiff must show the following: he (1) was a member of the protected age group; (2) was subject to adverse employment action; (3) was qualified to do the job; and (4) was replaced by or otherwise lost a position to a younger individual. <u>Benson v. Tocco, Inc.</u>, 113 F.3d 1203, 1207-08 (11th Cir. 1997); see also <u>Chapman</u>, 229 F.3d at

8

1024. Defendant has conceded in his motion for summary judgment that plaintiff can arguably establish a prima facie case of non-selection on the basis of age, and the Court agrees. Plaintiff was over 40; he suffered an adverse employment action by not being selected; he was qualified to do the job; and similarly situated employees who were younger than 62 were treated differently.

Once a plaintiff establishes a prima facie case of discrimination, the defendant employer must articulate a legitimate, nondiscriminatory reason for the challenged employment action. Chapman, 229 F.3d at 1024. Defendant has articulated several reasons for not selecting plaintiff for the vacant position: (1) plaintiff's inability to express himself clearly and concisely during the interview; (2) plaintiff's response to question number seven regarding ethical behavior; and (3) plaintiff's failure to achieve a high enough score based on the Coaches' informal interview ranking criteria to merit placement in one of the ten vacancies. Defendant has met its burden of articulating legitimate, nondiscriminatory reasons for the challenged employment action.

Because defendant has articulated such reasons, the presumption of discrimination is eliminated or dropped from the case. Id.

9

> [Now] plaintiff has the opportunity to come forward with evidence, including the previously produced evidence establishing the prima facie case, sufficient to permit a reasonable factfinder to conclude that the reasons given by the employer were not the real reasons for the adverse employment decision. If the plaintiff does not proffer sufficient evidence to create a genuine issue of material fact regarding whether each of the defendant employer's articulated reasons is pretextual, the employer is entitled to summary judgment on the plaintiff's claim.

Id. at 1024-25 (citations and quotations omitted).

First, plaintiff takes issue with the Coaches' scoring system. Plaintiff argues that the scoring system is not credible because no copy of the system exists. Although the scoring sheets no longer exist, both Coaches testified at the Administrative Hearing about their informal system and were available for cross examination about this issue. Plaintiff also contends that Coach Spencer's testimony that he did not necessarily use a scoring sheet directly contradicts the testimony of Supervisor Green and Coach Starke. Coach Spencer testified at the Administrative Hearing that they ranked the candidates after their interviews and this ranking was the only scoring sheet they might have used. Coach Spencer could not remember if he had written down the ranking. The lack of the scoring sheets or Coach Spencer's failure to write down a ranking or scoring does not

create a genuine issue of material fact regarding whether defendant's reasons were pretextual.

Next, plaintiff argues that Coach Starke did not interview all of the candidates, but he made recommendations to Supervisor Green. Plaintiff contends that Coach Starke is not a credible witness. The record shows that Coach Spencer, not Coach Starke as plaintiff argues, was the Coach who did not interview two of the candidates. Coach Spencer testified at the Administrative Hearing that he did not interview two individuals but discussed them with Coach Starke and recommended them to Supervisor Green. Coach Spencer's failure to interview two of the candidates does not show that defendant employer's articulated reasons were not the real reasons for the adverse employment decision.

Third, plaintiff avers that Coach Spencer testified that he did not recall plaintiff's complete answer to question number seven. Coach Spencer testified at the Administrative Hearing that he did not remember plaintiff telling him that there were certain exceptions when following the chain of command. However, Coach Spencer did testify that plaintiff answered the question by saying that he would follow the chain of command and that Coach Spencer was very bothered

by this answer due to recent unethical employee behavior in the department. Plaintiff does not contest that he actually gave this answer to question number seven or that all of the other candidates interviewed gave a different answer. Coach Spencer's failure to remember particular parts of plaintiff's answer to question number seven while testifying at the Administrative Hearing does not change the fact that Coach Spencer had concerns about plaintiff's answer and that these concerns were partly the basis for not selecting him. Thus, Coach Spencer's failure to remember all of plaintiff's answer to the interview question is insufficient to show that defendant's articulated reasons for not selecting plaintiff were not the true reasons.

Fourth, plaintiff argues that the Coaches and Supervisor Green knew of his age because the forms and documents for military veterans identified his date of birth. Plaintiff admits that defendant could argue that they did not consider his age in making their decision, but that the evidence does not support the argument that they did not know his age. Defendant admits that plaintiff's date of birth was on one of the documents in his application for the position, but defendant argues that this does not mean that Supervisor Green or the Coaches knew of his age. Coach Spencer and Supervisor Green testified at the Administrative Hearing that

they did not discuss age at any time in the selection process. Coach Starke testified at the Administrative Hearing that he did not know the age of the candidates at any time during the selection process and that at no point did he focus on age. Supervisor Green, Coach Starke, and Coach Spencer each stated in their affidavits in connection with the EEOC complaint that they were not aware of plaintiff's age and that his age was not a factor in their decision not to select him for the position. Viewing the evidence in the light most favorable to plaintiff, the Court finds that plaintiff has failed to produce specific evidence showing that defendant knew of his age and that his age was a factor in the selection process.

The Court concludes that plaintiff has not shown that defendant was more likely motivated by age or that the defendant's proffered explanation for not selecting plaintiff is unworthy of credence. Viewing the evidence in the light most favorable to plaintiff, plaintiff has failed to proffer sufficient evidence to create a genuine issue of material fact regarding whether each of the defendant employer's three articulated reasons is pretextual. Therefore, the Court grants defendant's motion for summary judgment.

Conclusion

For the foregoing reasons, the Court GRANTS defendant's motion for summary judgment [#3].

IT IS SO ORDERED, this ___ day of November, 2006.

_____
Marvin H. Shoob, Senior Judge
United States District Court
Northern District of Georgia